Duc L. Trinh and
Sally Y Ly
Plaintiffs Pro Se
2600 Torrey Pines Rd., #A24
La Jolla, CA  92037
Telephone:  (619) 981-8888
Email:  duclytrinh@gmail.com

**FILED**

Jul 18 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___s/AI___ DEPUTY

Plaintiffs DUC L. TRINH and SALLY Y LY, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC L. TRINH, an individual and SALLY Y LY, an individual<br><br>Plaintiffs,<br><br>v<br><br>LA JOLLA RACQUET CLUB CONDOMINIUM OWNERS' ASSOCIATION, INC., a California nonprofit mutual benefit corporation; BRYAN S. BLANK, an individual; STEPHANIE WALKER EMERSON, an individual; and DOES 1 through 70, inclusive,<br><br>Defendants. | CASE NO. __'25CV1829 RBM MSB__<br><br>**Verified Complaint and Request for Injunction:**<br><br>1)**Violation of the Federal Fair Housing Act (42 U.S.C. § 3601, *et seq*.,);**<br>2) **(Violation of 42 U.S.C. § 1981);**<br>3) **Violation of Fair Employment and Housing Act, Calif. Gov. Code § 12955, *et seq*.;**<br>4) **Negligence;**<br>5) **Negligence Per Se;**<br>6) **Intentional Infliction of Emotional Distress;**<br>7) **Elder Abuse (Welf. & Inst. Code § 15600 et seq.);**<br>8) **Injunctive Relief; and**<br>9) **Declaratory Relief**<br><br>**Demand For Jury** |

Plaintiffs, Duc L. Trinh (hereinafter "TRINH"),  and Sally Y Ly  (hereinafter "LY"), in

propria persona, complain of Defendants La Jolla Racquet Club Condominium Owners' Association,

Inc. (hereinafter "ASSOCIATION"), Bryan S. Blank (hereinafter "BLANK"), Stephanie Walker

Emerson (hereinafter "EMERSON"), and Does 1 through 70 and allege as follows:

## I. <u>JURISDICTION</u>:

1.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331

and § 1343 over plaintiffs' causes of action under the Constitution of the United States, 42 U.S.C. §

3613(a)-(b), 42 U.S.C. § 1981 and the Fair Housing Act, 28 U.S.C. § 3601 *et seq.* This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiffs' causes of action under California law.

## II. VENUE

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs' cause of action arose in this district.

## III. PARTIES:

3. Plaintiff, LY, is an 84-year-old California resident of Vietnamese descent, who suffers from physical disabilities resulting from poliomyelitis, rendering her wheelchair-bound and reliant on daily comprehensive care from Plaintiff TRINH.

4. Plaintiff, TRINH, is LY's adult son, primary caregiver, and a California resident of Vietnamese descent.

5. Defendant, ASSOCIATION is a California nonprofit mutual benefit corporation, governing the community at 2600 Torrey Pines Rd., La Jolla, CA 92037, by a set of recorded Covenants, Conditions and Restrictions ("CC&Rs").

6. Defendants Bryan S. Blank ("BLANK") and Stephanie Walker Emerson ("EMERSON") are members of the Association's Board of Directors. Each Defendant, BLANK and EMERSON, both Caucasian and unit owners within the Association.

7. At all times herein mentioned, each of the Defendants were and are the agent, servant, representative, independent contractor, partner, joint venturer, alter ego, and or employee of each or some of the other co-Defendants, and, in doing those acts herein referred to, were acting within the scope of their authority as such agent, servant, representative, independent contractor, partner, join venturer, alter ego, and/or employee, with the express and/or implied approval, permission, knowledge, consent and ratification of all said co-Defendants.

8. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the

2

**VERIFIED COMPLAINT**

discrimination violations herein complained of, and allege a joint venture and common enterprise by all such Defendants.  Plaintiffs are informed and believe that each of the Defendants herein, including Does 1 through 70, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 70, inclusive, are ascertained.

IV. <u>STATEMENT OF FACTS</u>:

9.  On January 1, 2021, Plaintiffs leased Unit #A24, at  2600 Torrey Pines Rd., #A24, La Jolla, California.   They are the only Vietnamese residents in a predominantly Caucasians complex of approximately 68 units.

10.  On January 10, 2021, Plaintiffs' landlord notified the ASSOCIATION of Plaintiffs' occupancy and provided a copy of the lease.

11.  On March 8, 2024, Defendants declared the parking garage unsafe, requiring immediate vehicle evacuation and prohibiting access due to alleged structural concerns, without providing alternatives accommodations.

12.  Plaintiff LY was denied ingress/egress due to the lack of alternative accessible routes. The parking garage serves as the sole means for Plaintiff, LY, a wheelchair-bound individual with disabilities, to reach her residential unit and the adjacent street, given the property's configuration.

13.  Plaintiff TRINH, LY's primary caregiver, is entirely reliant on the parking garage to safely transport LY to and from her unit for all essential activities, including medical appointments, grocery shopping, and emergency evacuation. The inaccessibility of the garage therefore renders LY confined within the unit and imposes a severe and ongoing hardship on both Plaintiffs.

14.  On March 11 and 12, 2024, Plaintiffs requested reasonable accommodations for reasonable and safe ingress/egress due to LY's disability.

15.  On March 15, 2024, Defendants responded with unreasonable demands for verification of LY's residency and refused accommodation.

16.  Defendants subsequently conspired to promulgate new rules and regulations specifically

3

<strong>VERIFIED COMPLAINT</strong>

targeting Plaintiffs, including the imposition of an intrusive and invasive inspection requirement. Plaintiffs are informed and believe, and thereon allege, that this discriminatory demand was made on the basis of their race and ethnicity, as Plaintiffs are the only Vietnamese residents in the community. No other residents have been subjected to similar demands.

17.  Defendants failed to maintain and/or accommodate wheelchair-accessible pathways, denying LY equal access to facilities provided to others.

18.  Defendants failed to provide alternative accessible arrangements, trapping LY in her unit since March 8, 2024.

19.  Defendants have engaged in discriminate practices against person with disabilities by failing to provide legally required wheel-chair accessible pathway facilities. While Defendants offer certain facilities, privileges, and advantages to other guests, members, and customers, including accessible pathways, they have not provided the necessary handicap-accessible pathways which Plaintiff LY requires for safe egress and ingress to her residence. The absence of such accessible pathways constitutes a discriminatory barrier to access and is purported to be in violation of the laws.

20.  The Plaintiffs personally encountered the violation and it denied her full and equal access. Plaintiff LY would like to get out of her house for access to necessary services and emergencies but is being confined due to the barriers.

21.  As the result of the above-described, have not only imposed upon LY an undue burden of isolation and exclusion from the society to which she belongs, but have also an intolerable strain on TRINH, her devoted caregiver. The blatant disregard of Defendants for the reasonable accommodations has exponentially compounded the challenges faced by TRINH, rendering his efforts to provide care and support to LY.

22.  As a result of the above-described discrimination, Plaintiffs suffered loss of sleep and feeling of racial stigmatization, and continue to suffer, and will in the future suffer from feeling of racial stigmatization.

23.  Plaintiffs experienced humiliation, racial discrimination and emotional distress.

///

**VERIFIED COMPLAINT**

# V.  CAUSES OF ACTIONS

## FIRST CAUSE OF ACTION

### Violation of the Fair Housing Act (42 U.S.C. §§ 3601 et seq.)

### (Against all Defendants and DOES 1 through 10, inclusive)

24.  Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

25.  The Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, prohibits housing practices that discriminate on the basis of race, color, religion, sex, familial status, national origin, or handicap.

25.  Pursuant to 42 U.S.C. § 3604(f)(3) "Discrimination includes (A) A refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied  by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted; (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling"

27.  Defendants' refusal to make reasonable accommodations constitutes discrimination based on disability and race, violating 42 U.S.C. §§ 3604(f)(3)(B) and 3604(b).

28.  All Defendants, by their actions, enacted new discriminatory rules and regulations and enforced only on Plaintiffs, have discriminated against Plaintiffs on the basis of LY's handicap and their racial descent, which is prohibited under to 42 U.S.C. § 3604(f)(3)(A), which mandates that reasonable modifications be made to existing premises occupied by persons with disabilities when such modifications are necessary to afford such persons full enjoyment of the premises.

29.  Defendants' actions constitute a clear violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq., particularly § 3604(f)(2) and (f)(3), which prohibit housing providers from discriminating against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of

handicap or race. Here, LY is a qualified individual with a disability as defined by the Act, and that Defendants failed to make reasonable accommodations in rules, policies, and practices when such accommodations were necessary to afford her equal opportunity to use and enjoy her dwelling. Despite repeated written requests for accommodation due to the red-tagged parking garage—the sole and only accessible path for Plaintiff LY's wheelchair transport—Defendants refused to take any action to provide alternative accessible arrangements or temporary accommodations. Instead, Defendants demanded redundant documentation of LY's residency and proposed rules never before enforced on Caucasian residents, thereby compounding the discriminatory impact.

30.   Defendants refusal to modify physical structures (such as failing to commission a wheelchair-accessible route) and failure to grant reasonable policy accommodations directly violate § 3604(f)(3)(A) and (B). These provisions explicitly require housing providers to permit reasonable modifications at the disabled person's expense and to make reasonable accommodations in rules or services when such accommodation is necessary. Defendants' refusal to engage in an interactive process and imposition of heightened scrutiny and intrusive inspection requirements—uniquely aimed at the only Vietnamese and disabled residents—also supports a disparate treatment theory based on both race and disability.

31.   Defendants enacted discriminatory rules targeting Plaintiffs, violating § 3604(f)(3)(A).

32.   As a result of the above-described discrimination, plaintiffs suffered loss of sleep and feelings of racial stigmatization, and continues to suffer, and will in the future suffer from feelings of racial stigmatization.  Also, Plaintiffs suffered emotional distress, humiliation, and anxiety, which are direct and proximate results of Defendants' discriminatory enforcement of policies.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

## **SECOND CAUSE OF ACTION**

### **(Violation of 42 U.S.C. § 1981)**

### **(Against all Defendants and DOES 11 through 20, inclusive)**

33.   Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

6

**VERIFIED COMPLAINT**

34.   The fundamental right to contract and to full and equal benefit of all laws is codified under to 42 U.S.C. § 1981, as amended by Section 101 of the Civil Right Act of 1991.

35.   Pursuant to 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

36.   Section 1981 prohibits discrimination under the color of law based on alienage and race.

37.   Congress deliberately used "all persons" instead of "citizens" in order to reflect the language of the Fourteenth Amendment that extended the guarantee of equal protection under the laws to "any person within the jurisdiction of the United States."

38.   The Association's recorded CC&Rs, Bylaws, and Articles of Incorporation constitute a binding contract between the Association and its members, including Plaintiffs. These documents impose enforceable obligations on the Association and its Board of Directors.

39.   Plaintiffs had a lawful lease agreement, establishing a contractual relationship entitling them to equal treatment.

40.   Defendants violated 42 U.S.C. § 3604(f)(2)-(3) by refusing to accommodate LY's disability and by selectively enforcing policies based on race.

41.   Defendants' actions include: (a) denying reasonable accommodations; (b) failing to provide accessible facilities; and (c) enacting new rules only against Plaintiffs.

42.   The Association's demand to enter Plaintiffs' property for residency verification is premised solely upon Plaintiffs' race, which violated plaintiffs' fundamental right on an equal basis.

43.   Defendants demanded entry into Plaintiffs' unit to verify residency—a demand Plaintiffs claim has never been imposed on white residents. This unequal enforcement of rules on the basis of race directly impairs Plaintiffs' rights under § 1981.  This selective enforcement was racially motivated

44.   Such racially discriminatory practices and policies carried out by Defendants are in direct violation of Plaintiffs' rights as enjoyed by white citizens, as protected by 42 U.S.C. § 1981.

**VERIFIED COMPLAINT**

45.    Defendants demanded residency verification and in-unit inspections solely because of Plaintiffs' race, impairing their contractual rights under § 1981.

46.    As a result of the above-described discrimination, plaintiffs suffered confinement, loss of sleep and feelings of racial stigmatization, and continue to suffer, and will in the future suffer from feelings of racial stigmatization and loss of civil rights.  Also, Plaintiffs suffered emotional distress, humiliation, and anxiety, which are direct and proximate results of Defendants' discriminatory enforcement of policies.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

### THIRD CAUSE OF ACTION

**(Violation of the Fair Employment and Housing Act, Calif. Gov. Code § 12955, et seq.)**

**(Against all Defendants and DOES 21 through 30, inclusive)**

47.    Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

48.    Defendants injured Plaintiffs in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12955, *et seq.* by committing the following discriminatory housing practices:

a.    To discriminate against or harass any person in the provision of housing accommodation because of the race, color religion, sex, gender, gender identify, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information of that person in violation of Government Code § 12955(a);

b.    To discriminate against any person in the provision of housing accommodations, in violation of the Unruh Civil Rights Act, Civil Code §51, *et seq*., on the basis of race, color, ancestry, or national origin, or other prohibited basis, in violation of Civil Code § 129455(d);

c.    To make or to cause to be made any written or oral inquiry concerning the race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, disability, veteran or military status, or genetic information of any

8

person seeking to purchase, rent, or lease any housing accommodation, in violation of Government Code § 12955(b);

d. To aid, abet, incite, compel, or coerce the doing of any of the acts or practices declared unlawful under Government Code § 12955, in violation of Government Code § 12955(g);

e. To discriminate through public or private land use practices, decisions, and authorizations because of race, color, ancestry, or national origin, in violation of Government Code § 12955(l); and

f. To coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, any of the rights granted by the Fair Employment and Housing Act, in violation of Government Code § 12955.7.

49.   Defendants violated § 12955(a) and § 12955(m) by refusing reasonable accommodations for LY (a disabled, elderly resident in a wheelchair).

50.   Defendants violated § 12955(a) and § 12955(d) by demanding for in-unit inspection and enforcement of new rules solely against Vietnamese residents.

51.   Defendants unprecedented entry demands and ongoing harassment violated § 12955.7.

52.   As a result of the above-described discrimination, plaintiffs suffered loss of sleep and feelings of racial stigmatization, and continues to suffer, and will in the future suffer from feelings of racial stigmatization.  Also, Plaintiffs suffered emotional distress, humiliation, and anxiety, which are direct and proximate results of Defendants' discriminatory enforcement of policies.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

### FOURTH CAUSE OF ACTION

#### (Negligence)

#### (Against all Defendants and DOES 31 through 40, inclusive)

53.   Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

54.   The Defendants had a general duty and a duty arising under the Americans with Disabilities Act, Federal Fair and Housing Act, and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff.  Their breach of this duty as alleged in the

9

preceding paragraphs, has caused injury and damage as alleged above.

55.   As a result of the above-described acts of negligence, Plaintiffs suffered loss of sleep and ongoing feelings of racial stigmatization.  The psychological ramifications of these events are anticipated to persist in the future.  Moreover, Plaintiffs have suffered substantial emotional distress, humiliation, and anxiety. These conditions are the  direct and proximate results of Defendants' breach of duty under applicable law.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

## **FIFTH CAUSE OF ACTION**

### **(Negligence Per Se)**

### **(Against all Defendants and DOES 41 through 50, inclusive)**

56.   Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

57.   Defendants violated statutory and regulatory duties under:

a)   The Americans with Disabilities Act (ADA);

b)   Fair Housing Act (FHA);

c)   The California Disabled Persons Act;

d)   California Civil §§ 52, 54, and 54.1; and

e)   Local Building Codes and Safety Ordinances.

Defendants failed to maintain accessible pathways for Plaintiff, a mobility-impaired resident; refusing to install a ramp or provide safe egress after closing the garage; and knowingly operating a public accommodation without ADA-compliant access.

58.   The laws protect disabled persons like LY, and Plaintiffs are within the class protected.

59.   As directly and proximately cause of these violations, Plaintiffs suffered loss of mobility, severe emotional distress, physical harm, and denial of essential services.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

///

**VERIFIED COMPLAINT**

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants and DOES 51 through 60, inclusive)

60.   Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

61.   Defendants' conduct was intentional and malicious, and Defendants knew or should have known of Plaintiffs' emotional, mental and physical frailty and that their conduct would cause Plaintiffs severe emotional distress, or they acted in reckless disregard of the probability of causing emotional distress.  Plaintiffs suffered extreme emotional distress as a result of Defendants' outrageous conduct.

62.   Defendants acted with malice by targeting the only Vietnamese residents and denying basic accommodations.

63.   Defendants did these acts willfully, wantonly, maliciously and oppressively, and with the intent to cause injury, such that Plaintiffs are entitled to an award of punitive damages.

64.   Plaintiffs suffered extreme distress, anxiety, and humiliation.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

## SEVENTH CAUSE OF ACTION

### Elder Abuse (Welf. & Inst. Code § 15600 et seq.)

### (Against All Defendants and DOES 61 through 70, inclusive)

65.   Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

66.   This cause of action is brought pursuant to California Welfare & Institutions Code sections 15600 et seq. (The Elder Abuse and Dependent Adult Protection Act).

67.   At the time of Defendants' conduct in failing to provide accommodation, depriving LY of goods and services necessary to avoid physical harm - LY qualifies as an "elder" under Welfare & Institutions Code section 15610.27 and is, therefore, entitled to the remedies provided by the Elder Abuse Act.

68.    Defendants' conduct was reckless, oppressive, and malicious.

69.    As a legal result of Defendants' conduct, Plaintiff suffered damages, including general and economic damages, including mental distress, in an amount to be proven at trial.

70.    Plaintiffs have incurred, and will continue to incur, attorney's fees and costs in this litigation.  Plaintiff, if successful in this action, is entitled to recover such fees and costs from Defendants, under provisions of Welfare and Institution section 15657.5(a).

71.    In committing the actions and conduct described above, Defendants, and each of them, acted with recklessness, oppression, fraud, and malice, and Plaintiff therefore is entitled to an award of exemplary or punitive damages pursuant to Welfare and Institutions Code Section 15657.5 and Civil Code Section 3294 and treble damages pursuant to Civil Code Section 3345.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

### EIGHTH CAUSE OF ACTION

**Injunctive Relief**

**(Against Association)**

72.    Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

73.    The events giving rise to Plaintiffs' claim occurred at 2600 Torrey Pines Rd., La Jolla, CA  92037.

74.    The relevant events occurred from January 2021 through the present with core violations beginning on or about March 8, 2024.

75.    Plaintiffs, the only the only Vietnamese residents in a predominantly Caucasian condominium community, experienced racial and disability-based discrimination by the Association and individual Board Members. Defendant Association closed the sole accessible parking garage used by Plaintiff Ly (an 84-year-old, wheelchair-bound, polio survivor), without providing alternative accessible routes or accommodations.

76.    Plaintiffs requested reasonable accommodations for egress, which were denied. Defendants demanded intrusive in-unit inspections and residency verification—actions never

12

imposed on non-Vietnamese residents. New rules targeting Plaintiffs were enacted, and LY has remained confined to the unit since March 2024. Plaintiffs allege violations of federal civil rights statutes and state disability and elder protection laws.

77.  Plaintiffs continue to suffer irreparable harm. Plaintiff LY is physically confined without accessible egress, resulting in isolation, denial of emergency access, and inability to attend medical appointments. Plaintiff TRINH, her caregiver, suffers from extreme stress and logistical hardship. Monetary damages cannot compensate for loss of civil rights, physical access, dignity, and the humiliation inflicted by discriminatory treatment.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

## NINTH CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants)

79.  Plaintiff repleads and incorporates by reference, as it fully set forth again herein, the allegations contained in all prior paragraph of this complaint.

80. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and California Code of Civil Procedure § 1060.

81.  An actual and justiciable controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties under federal and state law, including but not limited to the Fair Housing Act, the Americans with Disabilities Act, the California Fair Employment and Housing Act, and related anti-discrimination provisions.

82. Plaintiffs contend that Defendants' acts and omissions—including the denial of reasonable accommodations, the imposition of discriminatory rules and inspections, and the failure to maintain accessible premises—violate Plaintiffs' rights under the above laws. Defendants dispute these contentions.

83.  A judicial declaration is necessary and appropriate at this time to establish the respective rights and obligations of the parties, to resolve the legal uncertainty between them, and to prevent further harm and litigation.

**VERIFIED COMPLAINT**

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as set forth below.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.  General and Special Damages according to proof at trial;

2.  Consequential and Reliance Damages allowed by law;

3.  For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act, Federal Fair and Housing Act, the Unruh Civil Rights Act, and California Disabled Persons Act;

4.  Plaintiffs seek declaratory judgment that Defendants' actions are unlawful and injunctive relief compelling Defendants to construct wheelchair-accessible pathways and cease discriminatory practices;

5.  For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and statutory minimum of $4,000;

6.  Punitive damages;

7.  Treble Damages;

8.  For attorney's fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 12205; Cal. Civ. Code  § § 51 and 52; Fed. R. Civ. Proc. 54; Cal. Civ. Proc. § 1021.5; and any other applicable law.

9.  For a declaration from this Court that:

(a) Defendants have violated and continue to violate Plaintiffs' rights under federal and state civil rights laws;

(b) Defendants' conduct constitutes unlawful discrimination on the basis of race and disability;

(c) Defendants are obligated to provide reasonable accommodations and cease discriminatory enforcement.

10.  A preliminary and permanent injunction compelling Defendants to:

a. Provide wheelchair-accessible ingress and egress routes;

14

b. Cease racially discriminatory enforcement and harassment;

c. Refrain from intrusive inspections and discriminatory rules.

11. Such other or further relief as the Court may deem just and proper.

Date: July 17, 2025                              Respectfully Submitted,

By: _____
Duc L. Trinh, Plaintiff


By: _____
Sally Y Ly, Plaintiff

**VERIFIED COMPLAINT**

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

We have read the foregoing **Verified Complaint For: 1) Violation of the Federal Fair Housing Act (42 U.S.C. § 3601, *et seq.*,); 2) (Violation of 42 U.S.C. § 1981); 3) Violation of Fair Employment and Housing Act, Calif. Gov. Code § 12955, *et seq.*; 4) Negligence; 5) Negligence Per Se; 6) Intentional Infliction of Emotional Distress; and 7) Elder Abuse** and know its contents.

We are the parties to this action. The matters stated in the foregoing document are true of our knowledge except as to those matters which are stated on information and belief, and as to those matters, we believe them to be true.

We certify under Federal Rule of Civil Procedure 11 that this complaint is not being presented for any improper purpose, that the claims are warranted by existing law, and that the factual contentions have evidentiary support.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

July 17, 2025
DATED

_____
Duc L. Trinh, Plaintiff

July 17, 2025
DATED

_____
Sally Y Ly, Plaintiff