UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC L. TRINH and SALLY Y. LY,<br><br>                              Plaintiffs,<br>v.<br><br>LA JOLLA RACQUET CLUB CONDOMINIUM OWNERS' ASSOCIATION, INC., a California nonprofit mutual benefit corporation, et al.,<br><br>                             Defendants. | Case No.:  3:25-cv-01829-RBM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [Docs. 2, 3];**<br><br>**(2) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS [Doc. 4]; AND**<br><br>**(3) SCREENING AND DISMISSING IN PART THE COMPLAINT [Doc. 1]** |

On July 18, 2025, Plaintiffs Duc L. Trinh and Sally Y. Ly (collectively "Plaintiffs"), proceeding pro se, filed a Complaint alleging housing-related discrimination managed by Defendants La Jolla Racquet Club Condominium Owners' Association, Inc., Bryan S. Blank, Stephanie Walker Emerson, and Does 1–70 (collectively, "Defendants").  (Doc. 1.) Along with the Complaint, Plaintiffs each filed an Application to Proceed *in forma pauperis* ("IFP Application") pursuant to 28 U.S.C. §1915(a) (Docs. 2–3), as well as a Motion for Leave to Electronically File Documents ("E-File Motion") (Doc. 4).

For the reasons set forth below, Plaintiffs' IFP Applications (Docs. 2–3) and the E-file Motion (Doc. 4) are **GRANTED**.

1

## I. BACKGROUND[1]

Plaintiffs are tenants residing in a housing community located at 2600 Torrey Pines Road, La Jolla, CA 92037 (the "Community"). (Doc. 1 ¶¶ 5, 9.) Plaintiff Ly is an 84-year-old individual with "physical disabilities resulting from poliomyelitis, rendering her wheelchair-bound and reliant on daily comprehensive care from Plaintiff Trinh." (*Id*. ¶ 3.) Plaintiff Trinh is Plaintiff Ly's son and primary caregiver. (*Id*. ¶ 4.) Both Plaintiffs are of Vietnamese descent. (*Id*. ¶¶ 3–4.)

On January 1, 2021, Plaintiffs leased a residential unit from their landlord (the "Unit") who provided a copy of Plaintiffs' lease to the manager of the Community, Defendant La Jolla Racquet Club Condominium Owners' Association, Inc. ("Defendant Owners' Association"). (*Id*. ¶¶ 9–10.) "On March 8, 2024, Defendants declared the parking garage unsafe, requiring immediate vehicle evacuation and prohibiting access due to alleged structural concerns," without providing alternative routes of access. (*Id*. ¶ 11.) Given the Community's configuration, "[t]he parking garage serves as the sole means for [Plaintiff Ly] to reach her residential unit and the adjacent street." (*Id*. ¶ 12.) Plaintiff Trinh "is entirely reliant on the parking garage to safely transport [Plaintiff Ly] to and from her unit for all essential activities, including medical appointments, grocery shopping, and emergency evacuation." (*Id*. ¶ 13.) The parking garage's inaccessibility confined Plaintiff Ly to her Unit and "impose[d] a severe and ongoing hardship on both Plaintiffs." (*Id*.)

"On March 11 and 12, 2024, Plaintiffs requested reasonable accommodations for reasonable and safe ingress/egress due to [Plaintiff Ly's] disability." (*Id*. ¶ 14.) Plaintiffs allege that Defendants responded to their request on March 15, 2024 with "unreasonable demands for verification of Plaintiff Ly's residency and refused accommodation." (*Id*. ¶ 15.) Plaintiffs also allege that "Defendants subsequently conspired to promulgate new

---

[1] The factual summary in this section reflects Plaintiffs' allegations, not conclusions of fact or law by this Court. Well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

rules and regulations specifically targeting Plaintiffs, including the imposition of an intrusive and invasive inspection requirement." (*Id*. ¶ 16.) On information and belief, Plaintiffs claim "this discriminatory demand was made on the basis of their race and ethnicity, as Plaintiffs are the only Vietnamese residents in the [C]ommunity [and no] other residents have been subjected to similar demands. (*Id*.)

On July 18, 2025, Plaintiffs filed the Complaint asserting the following nine causes of action for: (1) violation of the Fair Housing Act ("FHA") (Doc. 1 ¶¶ 24–32); (2) violation of 42 U.S.C. § 1981 (*id*. ¶¶ 33–46); (3) violation of the Fair Employment and Housing Act ("FEHA") (*id*. ¶¶ 47–52); (4) negligence (*id*. ¶¶ 53–55); (5) negligence per se (*id*. ¶¶ 56–59); (6) intentional infliction of emotional distress (*id*. ¶¶ 60–64); (7) violations of California's Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15600 *et seq*. ("Elder Abuse Act) (*id*. ¶¶ 65–71); (8) injunctive relief (*id*. ¶¶ 72–77); and (9) declaratory relief (*id*. ¶¶ 79–83).

## II. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a District Court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). The facts of an affidavit of poverty must be stated "with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The determination of indigency falls within the district court's discretion. *Cal. Men's*

---

[2] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis* ("IFP"). *Id*.

*Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) ("[§] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "[a]n affidavit in support of an IFP [motion] is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citing *Adkins*, 335 U.S. at 339); *see also McQuade*, 647 F.2d at 940 (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony*, 939 F.2d at 858 (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion") (citation omitted).

First, in his IFP Application, Plaintiff Trinh declares that he is "currently serving as a caregiver and live-in aide for [his] mother," Plaintiff Ly, and his "sole source of income is derived from providing care for her." (Doc. 2 at 5.) He lists $1,775 as his monthly income from employment as his mother's caregiver and public assistance, and $1,505 as his monthly expenses. (*Id.* at 1–2, 4–5.) Plaintiff Trinh has $300 in cash and $2,980.19 in a checking account with Mission Federal Credit Union and does not anticipate any changes to his income or expenses in the next twelve months. (*Id.* at 2, 5.) The filing fee represents over 20 percent of his total monthly income before expenses, and he has no other sources of income. *See Escobedo*, 787 F.3d at 1235. The Court finds Plaintiff Trinh has satisfied the indigency requirements of 28 U.S.C. § 1915. Accordingly, Plaintiff Trinh's IFP Application (Doc. 2) is **GRANTED**.

As to Plaintiff Ly, she lists $1,369.94 as her monthly income from disability and

public assistance benefits, and $1,181 as her monthly expenses. (Doc. 3 at 1–2, 4–5.) Plaintiff Ly is not owed any money and does not have any dependents who rely on her for financial support. (*Id*. at 3.) She has $70 in cash and $200 in a checking account with Bank of America and does not anticipate any changes to her income or expenses in the next twelve months. (*Id*. at 2, 5.) Based on her IFP Application, the Court finds that Plaintiff Ly has sufficiently shown that she is unable to pay the costs of commencing this action. Accordingly, Plaintiff Ly's IFP Application (Doc. 3) is **GRANTED**.

### III.     SCREENING UNDER 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to mandatory, *sua sponte* review and dismissal by the Court if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (cleaned up). Nevertheless, "[S]ection 1915(e) not only

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

After screening the Complaint, the Court finds that Plaintiffs have satisfied the "low threshold" required to survive screening on their claims *except* for the Seventh Cause of Action for alleged violations of the Elder Abuse Act.[3]  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (holding a pro se litigant met the "low threshold for proceeding past the screening stage").  This determination is without prejudice to any arguments Defendants may make in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs are cautioned that this Order is not to be construed as expressing an opinion as to whether these claims would survive such a motion to dismiss.  *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring.").

However, for the reasons set forth below, the Seventh Cause of Action must be dismissed because Plaintiffs fail to state a claim for violations of the Elder Abuse Act.

A.     **Elder Abuse Act**

Plaintiffs allege that Defendants deprived Plaintiff Ly "of goods and services necessary to avoid physical harm." (Doc. 1 ¶ 67.) The Elder Abuse Act defines "abuse of an elder or a dependent adult" as either:

> (a) Physical abuse, neglect*,* financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering [;or]
>
> (b) The deprivation *by a care custodian* of goods or services that are necessary to avoid physical harm or mental suffering.

---

[3] "Declaratory and injunctive relief are remedies, not causes of action." *Ajetunmobi v. Clarion Mortg. Capital*, 595 F.App'x 680, 685 (9th Cir. 2014).  The Court therefore notes that Plaintiffs must plead a valid underlying claim in order to obtain such relief.

Cal. Welf. & Inst. Code § 15610.07(a)(1)–(2) (emphasis added).

In this case, Plaintiffs fail to allege that any of the named Defendants are Plaintiff Ly's "care custodian" as defined under the statute. *See* § 15610.07(2). Indeed, none of the facts alleged in the Complaint show that *any* defendant in this action had a caretaking or custodial relationship with Plaintiff Ly. Plaintiffs therefore fail to state an elder abuse claim under § 15610.07(a)(2).

To the extent Plaintiffs allege that "Defendants' conduct in failing to provide accommodation[s]" constitutes neglect, their elder abuse claim fails for the same reason. *See* § 15610.57(a) (defining "neglect" as "the negligent failure of *any person having the care or custody* of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise.") (emphasis added). Defendants' alleged conduct also does not constitute "isolation" as defined under the Elder Abuse Act. *See* § 15610.43(c). Plaintiffs therefore fail to state an elder abuse claim based on neglect and isolation under § 15610.07(a)(1). As Plaintiffs fail to state a viable claim under the Elder Abuse Act, the Seventh Cause of Action is **DISMISSED**.

### B. Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

For the reasons previously discussed, Plaintiffs failed to allege that Defendants maintain a caretaking or custodial relationship with Plaintiff Ly, or that Defendants' alleged conduct constituted "isolation" within the meaning of the Elder Abuse Act. Because the "allegation of other facts . . . could not possibly cure" these deficiencies, Plaintiffs' elder abuse claim is beyond repair and correspondingly **DISMISSED WITHOUT LEAVE TO AMEND**. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

//
//

### IV. **MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**

In their E-File Motion, Plaintiffs affirm that they have "reviewed and agree[s] to follow all rules and policies included in the Court's Electronic Case Filing Administrative Policies and Procedures Manual" (the "CM/ECF Manual") and that they have regular access to the technical requirements necessary to e-file successfully. (*Id*. ¶¶ 1, 5). Plaintiffs also affirm that they understand they will receive notices and documents only by e-mail and that their e-filing privileges may be revoked if their use of the Court's e-filing system is unsatisfactory. (*Id*. ¶¶ 2–3.)

"Unless otherwise authorized by the [C]ourt, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form." CM/ECF Manual, § 2(b) (S.D. Cal. Jan. 22, 2025). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the [CM/ECF Manual]." *Id*. The CM/ECF Manual refers readers to the Court's official website (www.casd.uscourts.gov) for the current CM/ECF technical specifications and requirements, *see id*. at § 1(i), which include a computer; software to convert documents from word processor to portable document format; internet access; a compatible internet browser; a scanner; and a PACER account. *See* United States District Court for the Southern District of California, CM/ECF Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Nov. 7, 2025).

By reviewing the CM/ECF Manual and affirming that they have regular access to the required equipment and software capabilities, Plaintiffs have demonstrated they have the means to electronically file documents. (*See* Doc. 4 ¶¶ 1, 5.). Accordingly, Plaintiffs' E-File Motion (Doc. 4) is **GRANTED**.

### V. **CONCLUSION**

Based on the foregoing, Plaintiffs' IFP Applications (Docs. 2–3) are **GRANTED**. The Court further **ORDERS** as follows:

1. The Seventh Cause of Action for violations of the Elder Abuse Act is

**DISMISSED WITHOUT LEAVE TO AMEND**.

2. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiffs' Complaint (Doc. 1) upon Defendants and to forward it to Plaintiffs along with a blank U.S. Marshals Form 285 for the named Defendants. The Clerk of Court is also **DIRECTED** to provide Plaintiffs with certified copies of this Order, the Complaint, and the summons (collectively, the "IFP Package") so that Plaintiffs may serve Defendants.

3. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to S.D. Cal. Civ. L.R. 4.1(c), and forward the materials to the United States Marshals Service according to the instructions provided.

4. Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the completed Form 285 and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of the Court. *See* S.D. Cal. Civ. LR 5.2. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED**.

DATE: December 3, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE